IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALMA GALLETTA, individually and on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil No. 13-532 (RBK/AMD) |
| v. | **OPINION** |
| JENNIFER VELEZ, COMMISSIONER, NEW JERSEY DEPARTMENT OF HUMAN SERVICES; VALERIE HARR, DIRECTOR, NEW JERSEY DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES; and BERGEN COUNTY BOARD OF SOCIAL SERVICES | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendant Jennifer Velez, Commissioner of the New Jersey Department of Human Services, and Defendant Valerie Harr, Director of the New Jersey Division of Medical Assistance and Health Services, to dismiss as moot the complaint of Plaintiff Alma Galletta ("Plaintiff").[1]

For the reasons stated herein, the motion will be **DENIED**.

I.      BACKGROUND

---

[1] Defendant Bergen County Board of Social Services ("BCBSS") has also joined in this motion. See Docket No. 18. BCBSS, Velez and Harr, collectively, are at times referred to as "Defendants."

This matter arises out of Plaintiff's application for Medicaid benefits in May, 2012, which was originally denied. Compl. at ¶ 21. Medicaid is a program created by federal law, but implemented at the state level, which provides coverage for medical care to individuals who cannot afford to obtain it on their own. See 42 U.S.C § 1396, et seq. The program is designed to provide benefits to persons "whose income and resources are insufficient to meet the cost of necessary medical services." 42 U.S.C. § 1396-1. State participation is voluntary; however, states that participate in the Medicaid program must comply with the federal statutory and regulatory framework governing Medicaid. Sabree v. Richman, 367 F.3d 180, 182 (3d Cir. 2004). New Jersey has authorized participation in the Medicaid program through its Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1, et seq. The state's Medicaid program is administered by the New Jersey Division of Medical Assistance and Health Services ("DMAHS"), the Director of which is Defendant Valerie Harr. See N.J.A.C. 10:49-1.1(a). DMAHS, in turn, is a division of the New Jersey Department of Human Services, the Commissioner of which is Defendant Jennifer Velez. See N.J.S.A. 30:4D-4. Individual decisions on eligibility are made on the local level by county welfare agencies that DMAHS contracts with. N.J.A.C. 10:71-1.5. When seeking an eligibility decision, applicants must provide the county agencies with documentation and evidence related to their resources. See N.J.A.C. 10:71-2.2(e); N.J.A.C. 10:71-3.1(b). In this case, Plaintiff's eligibility determination was made by Defendant Bergen County Board of Social Services ("BCBSS"). Compl. at ¶ 27.

Plaintiff, who is the widow of a World War II veteran, applied for benefits through the "Global Options for Long Term Care" ("Global Options") waiver program, which is a program funded by Medicaid that covers medical care in assisted living facilities. See N.J.S.A. 30:4D-17.23 through 30:4D-17.32. In order to be approved for the Global Options program, a person

must be found eligible, which requires a showing of income and resources below certain maximum levels, which was $2,094.00 per month at the time of Plaintiff's application. Id. at ¶¶ 19-20. Plaintiff's application was denied, because her income was found to exceed the income eligibility ceiling for Medicaid benefits under the Global Options program. Id. at ¶ 21. The denial related in part to compensation that Plaintiff received through her late husband's veterans benefits, paid to her by the Veterans Administration Improved Pension ("VAIP") pursuant to 38 U.S.C. § 1541(d)(1). Id. at ¶ 22. The relevant statute for Medicaid eligibility provides that income is not to be counted toward the limit if it is a "[p]ayment from the Department of Veterans Affairs resulting from unusual medical expenses." 20 C.F.R. § 416.1103(a)(7).[2] Had the payments Plaintiff received from VAIP not been included in her monthly income for the purposes of Medicaid eligibility, Plaintiff would have been eligible for the Medicaid benefits she applied for. Compl. at ¶ 27. Prior to her denial of benefits, she had submitted to BCBSS a letter from the Department of Veterans Affairs ("VA"), dated May 23, 2012, which indicated that of the $1,094.00 Plaintiff received every month, $684.00 was designated as "pension" and $410.00 was designated as "aid and attendance." Id. at Ex. D. The $684.00 was counted as part of her income by BCBSS for Medicaid eligibility purposes, and the $410.00 was not. Id. at ¶¶ 24, 27.

Plaintiff contended that the entire income she received from VAIP resulted from unreimbursed medical expenses, and therefore none of it should have ever been counted toward her income calculation for Medicaid eligibility purposes. Pl. Opp'n at 6. Prior to filing this action, she obtained an undated letter from the VA indicating that the entire $1,094.00 per month

---

[2] Defendants cite a different section of the same regulation, which provides that funds received "under a Federal, State or local government program, whose purpose is to provide medical care or services" are not income for the purposes of Medicaid eligibility. See Def. Br. at 6 (citing 20 C.F.R. § 416.1103(a)(3)). It appears that §416.1103(a)(7) is more relevant to the issues raised herein, although the Court recognizes that there may be some overlap between the two sections. See 59 Fed. Reg. 33906-01 (recognizing that the nature of payments described under §416.1103(a)(7), which was newly added at the time, "is analogous to that of other forms of medical care that are . . . not income under § 416.1103(a)).

3

that Plaintiff received was for "aid and attendance." Compl. Ex. F. However, BCBSS refused to change its decision based upon this letter, indicating that because it was undated and seemingly conflicted with the earlier letter from the VA, the letter was not reliable evidence and BCBSS could not tell which one was accurate. Def. Br. at 10-11. Plaintiff believes that a letter should not have been required and that no VAIP benefits should be treated as income in any event for purposes of the Medicaid income ceiling.

On January 28, 2013, Plaintiff filed a putative class action complaint against Defendants, seeking to enjoin Defendants from treating VAIP payments as income for Medicaid eligibility purposes, a re-determination of eligibility, an order granting such eligibility on a retroactive basis to class members who would have been eligible for benefits had VAIP payments not been treated as income, and attorneys' fees and costs. In February 2013, after filing her complaint, Plaintiff submitted a new letter from the VA, dated February 14, 2013, to BCBSS. In the new letter, the VA indicated that the entire amount of VAIP benefits, then totaling $1,113.00 per month, constituted "aid and attendance." Def. Mot. Ex. C. Based upon the letter, BCBSS determined that Plaintiff's income fell below the income ceiling and that she was thus eligible for the Global Options program. Id. at Ex. D. Defendants now move to dismiss the complaint, arguing that this Court can no longer grant effective relief to Plaintiff, and because a class has not been certified, no plaintiff can assert a justiciable claim.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's complaint on the grounds that her claims are moot. Article III of the United States Constitution constrains the jurisdiction of federal courts to "cases and controversies." U.S. Const. art III § 2; see also Flast v. Cohen, 392 U.S. 83, 94 (1968). Therefore, the issue of mootness is jurisdictional and relates to the very power of the

Court to hear a case. Sutton v. Rasheed, 323 F.3d 236, 245, 248 (3d Cir. 2003). Any dismissal such as the one sought by Defendants would be pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a defendant to seek dismissal for lack of subject matter jurisdiction. If at any point while the matter is before the court, a claim ceases to be a "live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." Nextel West Corp v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002). "An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." Weiss v. Regal Collections, 385 F.3d 337, 340 (citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991).

A district court may treat a party's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citing Gotha v. United States, 115 F.3d 176, 178-79, 36 V.I. 392 (3d Cir. 1997)); see also United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983), a motion to dismiss on the grounds of mootness is a factual challenge. See Ortho Pharma. Corp. v. Amgen, Inc., 882 F.3d 806, 811 (3d Cir. 1989); Strahan v. Roughead, 910 F. Supp. 2d 358, 364 (D. Mass. 2012). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Gould Elecs. Inc., 220 F.3d at 176-77. In determining the merits of such an attack, the Court may consider affidavits and other relevant evidence outside of the pleadings. Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

## III. DISCUSSION

Defendants argue that because Plaintiff, as of March, 2013, has been granted coverage under the Global Options program, Plaintiff has received all the benefits to which she is entitled and that she sought in her complaint, and thus the complaint should be dismissed on mootness grounds. Plaintiff does not dispute that the coverage has been granted, but counters that although she has been granted benefits, she was not granted the other relief that she sought in her complaint. She therefore argues that a live case or controversy still exists, and thus her claims are not moot. In the alternative, she argues that an exception to the mootness doctrine applies. Because a discussion of exceptions is only necessary if Plaintiff's claims are moot, the Court turns first to the issue of mootness.

When, during the course of litigation, developments occur that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief," the case must be dismissed as moot. County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). But, wherever a party still has "a concrete interest, however small,

in the outcome of the litigation, the case is not moot." Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (citations omitted). When the question of mootness arises due to a change in circumstances from the beginning of the litigation, the key question is whether those changes "have forestalled any occasion for meaningful relief." In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003). When the named plaintiff in a class action complaint has her claims "become moot before class certification, dismissal of the action is required." Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

Here, Plaintiff sought an order enjoining Defendants from treating any of the VAIP payments as income for the purposes of determining her eligibility for Medicaid benefits. Compl. at p. 13. The putative class consists of all persons or have been in the six years prior to the filing of the complaint, or will be, denied Medicaid benefits by NJDHS or county social services boards due to the fact that the class members receive income from VAIP pursuant to 38 U.S.C. § 1541(d)(1) as a result of unreimbursed medical expenses. Id. at ¶ 30.

Plaintiff is eligible to receive a pension from the VA under 38 U.S.C. § 1541, which provides benefits for the surviving spouses of veterans with non-service related disabilities. These benefits are means-tested, which results in the benefits being reduced by income received from non-VA sources. 38 U.S.C. § 1541(d). In order to calculate Plaintiff's VAIP award amount, the VA first arrives at an entitlement amount, and then applies the means test.

Because Plaintiff has been determined to be in need of regular "aid and attendance" as defined in 38 U.S.C. § 1502(b), she is eligible for a pension at a special "aid and attendance" rate, which is 60% above the otherwise applicable pension rate. 38 U.S.C. § 1541(d); Compl. Ex. C. Plaintiff was approved for a monthly entitlement amount pursuant to the statutory amount of $1,056.00, starting on July 1, 2011. Compl. Ex. C. The entitlement amount then rose to

$1,094.00 on December 1, 2011 due to a cost of living adjustment. Id. Of the $1,094.00 entitlement, $684.00 was evidently for the basic statutory amount provided for in § 1541(b), and the increase of $410.00 was due to Plaintiff being awarded the "aid and attendance" rate under § 1541(d)(1).

As mentioned, the entitlement amount is not automatically paid to a pension recipient, due to the means-test provisions in § 1541(b) and § 1541(d)(1). These provisions mandate that the pension be reduced dollar-for-dollar by the amount of countable income an applicant receives. Countable income does not equal gross income, however. Any unreimbursed medical expenses are deducted from total income in order to arrive at an income figure for the purposes of VA benefits. 38 U.S.C. § 1503(a)(8). Because Plaintiff evidently requires a significant amount of medical care, she appears to regularly incur substantial unreimbursed medical expenses. When the VA applied the means test, it offset her annual income of less than $20,000 by her medical expenses in the amount of $43,039, to reach a "countable income" figure of zero. Compl. Ex. C. She was therefore eligible to receive the full VAIP entitlement amount at the "aid and attendance" rate, because no deduction for income was appropriate in her case. Id.

Plaintiff would have been eligible for Medicaid benefits prior to the time they were actually awarded in March, 2013, if not for her VA pension placing her in excess of the income ceiling set by the state for determining eligibility. Her argument is essentially that regardless of whether VAIP payments are designated by the VA as "aid and attendance," they should not be classified as "income" by Defendants for Medicaid eligibility purposes. Under federal regulations, payments "from the Department of Veterans Affairs resulting from unusual medical expenses" may not be considered for eligibility purposes. 20 C.F.R. § 416.1103(a)(7). "Unusual

medical expenses," ("UMEs") in turn, means unreimbursed expenditures exceeding five percent of a person's annual income. 38 C.F.R. § 3.262(l).

Plaintiff submits that the entire VAIP award—both the statutory entitlement amount under § 1541(b) and the 60% higher rate for aid and attendance under § 1541(d)(1)—is "resulting from unusual medical expenses" because had Plaintiff not been allowed to deduct over $43,000 in medical expenses from her income, she would have received no VAIP payment at all due to the means test that the VA applies. It is only once she become obligated to use her non-VA income to pay for medical expenses that she would become eligible for VA pension benefits. Therefore, the pension "resulted from" her UMEs, even if they were not tied dollar-for-dollar to specific medical costs. She argues that Defendants' policy is thus a misapplication of § 416.1103(a)(7), and because Defendants continue to misapply the regulation, Plaintiff could be harmed when her eligibility is reviewed, which is evidently done at annual intervals. Pl. Opp'n at 17.

Plaintiff argues that a number of courts around the country have decided the identical issue to the one that Plaintiff initially sought to litigate. See Pl. Opp'n at 6-7. She contends that these courts have granted the relief that Plaintiff seeks in this case. See id. (citing cases such as Summy v. Schweiker, 688 F.2d 1233, 1235 (9th Cir. 1982), Peffers v. Bowman, 599 F.Supp. 353, 355 (D. Idaho 1984), and Mitson v. Coler, 670 F. Supp 1568, 1757 (S.D. Fla. 1987)). However, the issue arising in Plaintiff's complaint seems to be a related, but not identical one to those decided in the cases cited in Plaintiff's brief. The relief that Plaintiff seeks turns on the application of 20 C.F.R. § 416.1103(a)(7). Section 416.1103 was amended in 1994 to include part (a)(7), which indicates that VA payments resulting from UMEs are not income. See 59 Fed. Reg. 33906-01 (July 1, 1994). All of the cases cited by Plaintiff but one were decided prior to

9

1994.  In fact, it was in response to the cases that Plaintiff cites that Congress amended § 416.1103.  See id. ("These final rules conform SSI policy to a number of court rulings that have required the Social Security Administration to consider Department of Veterans Affairs payments resulting from UMEs not to be income for SSI purposes.").  The issue, then, appears to be one of interpretation of the amended § 416.1103(a)(7), and whether Plaintiff's entire VAIP award—not only the aid and attendance portion—"result[ed] from unusual medical expenses." However, that issue is not directly before the Court at this juncture.  The Court must decide whether Plaintiff's claim is moot now that she has been awarded Medicaid benefits.

Because Plaintiff seeks to enjoin Defendants from treating her VAIP payments as income and no such injunction has been handed down, Plaintiff has not been afforded "complete relief," and thus her claim is not moot.  Weiss, 385 F.3d at 340.  Indeed, it seems based on their papers filed in connection with this motion that Defendants would continue to treat VAIP payments as income should they be labeled as "pension" by the VAIP, and not as "aid and attendance," even if the VAIP pension was awarded as a result of UMEs zeroing out the applicant's income.

There is no apparent reason to suspect that Plaintiff will not continue to collect VAIP benefits, some of which may be allocated at a future time as income by some of the Defendants for the purpose of Medicaid eligibility calculations.  This is the outcome that Plaintiff argues is contrary to federal law and regulations.  She therefore has "a concrete interest" in being awarded an injunction against Defendants counting any portion of her future VAIP payments received as a result of incurring UMEs as "income" when reviewing her Medicaid eligibility.  See Chafin, 133 S. Ct. at 1023.  It is likely that the amount of Plaintiff's VAIP payments will increase and that Defendants will again demand a letter from the VA in order to maintain Plaintiff's eligibility.  See 38 U.S.C. § 5312 (providing for periodic adjustments of the statutory pension

amount provided under § 1541.) Defendants agree that they will review her Medicaid eligibility on an annual basis. Def. Reply at 11. Based upon their operating procedure, it seems likely that if Plaintiff's VAIP award amount is adjusted, Defendants will seek a new letter explaining how much of the award is for "aid and attendance." If indeed Plaintiff is correct that none of the VAIP payments should be "income," then she has a "concrete interest" in receiving the injunctive relief she seeks. If she is correct, she should not have to request or produce such a letter, nor should she be subject to the risk that Defendants will count any future benefit that they do not believe falls within the "aid and attendance" category as income that could weigh against her eligibility. Such a finding that she is correct as to the application of § 416.1103(a)(7) would thus be an "occasion for meaningful relief." Surrick, 338 F.3d at 230.

Because Plaintiff has "a concrete interest" in the additional relief that she sought in her complaint, the Court finds that she has met her burden of establishing that jurisdiction exists, and her claim is not moot. Gould Elecs. Inc., 220 F.3d at 176-77. Because the Court decides that Plaintiff's case is not moot, it is not necessary to discuss the issues raised on exceptions to the mootness doctrine. It is similarly unnecessary to discuss the retroactive eligibility issue raised by the parties.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

Dated: 11/10/2013                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge