NOT FOR PUBLICATION                                                                      (Doc. No. 30)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ALMA GALLETTA, individually and on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil No. 13-532 (RBK/AMD) |
| v. | **OPINION** |
| JENNIFER VELEZ, COMMISSIONER, NEW JERSEY DEPARTMENT OF HUMAN SERVICES; VALERIE HARR, DIRECTOR, NEW JERSEY DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES; and BERGEN COUNTY BOARD OF SOCIAL SERVICES | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Jennifer Velez, Commissioner of the New Jersey Department of Human Services and Valerie Harr, Director of the New Jersey Division of Medical Assistance and Health Services ("Defendants"), for reconsideration of the Court's Order of November 12, 2013. In the Order, the Court denied Velez and Harr's motion to dismiss the complaint as moot. Defendants now argue that the Court should grant reconsideration in order to correct a clear error of fact. Because Defendants fail to show the existence of such an error, Defendants' motion will be **DENIED**.

## I.   BACKGROUND

The Court provided a more detailed recitation of the facts in its November 12, 2013 Opinion. See Opinion of Nov. 12, 2013, at 2-4 (ECF Doc. No. 25). The Court will thus only briefly summarize the facts to the extent necessary to resolve the motion before the Court.

Plaintiff Alma Galetta is a widow of a World War II veteran. In May, 2012, she applied for Medicaid benefits under "Global Options for Long Term Care" ("Global Options") waiver program at Defendant Bergen County Board of Social Services ("BCBSS"). Compl. ¶¶ 18-19. Global Options is a Medicaid-funded program, which covers home care and assisted living care for eligible adults. See N.J.A.C. 10:54-5.16 to N.J.A.C. 10:56-5.23; N.J.S.A. 30:4D-17.23 to 30:4D-17.32. To be approved for Global Options, a plaintiff must show that her income and resources fall below certain maximum levels. The income ceiling was $2,094.00 per month at the time of her application. Compl. ¶ 20. BCBSS denied her application because her income exceeded Global Option's eligibility ceiling at the time. Id. ¶ 21.

BCBSS's denial of Medicaid was related in part to whether the payments that she was receiving from Veterans Administration Improved Pension ("VAIP") counted as income for eligibility purposes. Id. ¶¶ 21-22. Plaintiff was receiving payments through her late husband's benefits through VAIP under 38 U.S.C. § 1541(d)(1). Id. ¶ 22. The relevant statute for Medicaid eligibility provides that "[p]ayments from the Department of Veterans Affairs resulting from unusual medical expenses" do not count towards income. 20 C.F.R. § 416.1103(a)(7). Prior to BCBSS's denial of her benefits, Plaintiff submitted to BCBSS a letter from the Department of Veterans Affairs ("VA"), dated May 23, 2012. Id. at Ex. D. The letter indicated that Plaintiff received $1094.00 each month, $684.00 of which was designated as "pension," and $410.00 of which was designated as "aid and attendance." Id. BCBSS counted "aid and attendance" as "unusual medical expenses," and excluded the $410.00 as income for the

purposes of Medicaid eligibility. BCBSS, however, did not count "pension" as "unusual medical expenses," and counted $684.00 per month as part of her income. Id. ¶¶ 24-27. By counting the $684.00 VA benefit as income, Plaintiff ended up $36.72 over the monthly income limit, which made her ineligible for Global Options. Id. ¶ 27.

On January 28, 2013, Plaintiff filed a putative class action complaint against Defendants, seeking an injunction against Defendants treating VAIP payments as income for Medicaid eligibility, a re-determination of eligibility, an order granting such eligibility on a retroactive basis to class members who would have been eligible for benefits had VAIP payments not been treated as income, and attorneys' fees and costs. On February 14, 2013, the VA sent a letter to Plaintiff indicating that the entire amount of VAIP benefits, then totaling $1113.00 per month, constituted "aid and attendance," without explaining why the allocation of benefits changed with respect to the amounts indicated in the previous letter. Def. Mot. Dismiss, Ex. C. Plaintiff filed that letter with BCBSS. Based upon the letter, BCBSS determined that Plaintiff's income fell below the income ceiling, and she was thus eligible for Global Options program. Id. at Ex. D.

Defendants then filed a motion to dismiss the case, arguing that Plaintiff's claims are moot. On November 12, 2013, the Court denied Defendants' motion.

## II.  LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsiderations, Local Civil Rule 7.1(i) provides for such a review. Dunn v. Reed Group, Inc., Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J.

3

2001) ("The word 'overlooked' is the operative term in the Rule."). To prevail on a motion for reconsideration, the moving party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 170 F.3d 669, 677 (3d Cir. 1999).

"As this language implies, 'a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.'" A & L Indus., Inc. v. P. Cipollini, Inc., Civ. No. 12-7598, 2013 WL 6145766, at *1 (D.N.J. Nov. 21, 2013) (citation omitted). "In other words, a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs." Id.

### III. DISCUSSION

Defendants argue that the Court should correct a clear error of fact. Def. Mot. for Recons. at 4. Defendants' argument is essentially the following: "Now that Plaintiff is Medicaid waiver eligible for the Global Options program, she will no longer be eligible for a VAIP as her income greatly exceeds the low federal maximum income threshold." Id. They claim that this is because "VAIP benefits are provided on a financial need basis," but since Plaintiff "has acquired Medicaid eligibility under Global Options, Plaintiff's unreimbursed medical expenses should decrease close to zero, thus disqualifying her from the VAIP pension, which she received only because of her unreimbursed medical expenses." Id. at 5-6.

Defendants' argument is waived because they failed to include it in their briefs on the motion to dismiss. At certain points in Defendants' reply brief, they even conceded that Plaintiff might continue receiving aid and attendance benefits from VAIP. Def. Reply Br. on Mot.

Dismiss at 12 ("Because DMAHS is now aware that Plaintiff is receiving a DVA pension that is all aid and attendance and it is bound by the aid and attendance income exclusion provided for in 20 C.F.R. 416.1103, there is no reasonable expectation that her pension will be included as income in the future."); id. at n.6 ("if the DVA determines that Plaintiff continues to qualify for an aid and attendance pension, Defendants anticipate that the CWA will continue to exclude it from the income calculations."). Thus, not only was the argument advanced on reconsideration absent from the original briefs; but it was inconsistent with Defendants' arguments at that time.

Nonetheless, if the case is moot at this time, the Court would still be required to dismiss it. Nextel West Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002) (holding that if a case ceases to be "live case or controversy" at any time while the case is before the court, "the claim is moot and the federal court lacks jurisdiction to hear it."). A court may dismiss a case sua sponte on grounds of mootness. New Jersey Tpk. Auth. v. Jersey Central Power & Light, 772 F.2d 25, 30 (3d Cir. 1985). Because, aside from the issue of waiver, there is no indication that Plaintiff's claim is actually moot at this time, it will not be dismissed.

In its November 12, 2013 Opinion, the Court observed:

> There is no apparent reason to suspect that Plaintiff will not continue to collect VAIP benefits, some of which may be allocated at a future time as income by some of the Defendants for the purpose of Medicaid eligibility calculations. . . . It is likely that the amount of Plaintiff's VAIP payments will increase and the Defendants will again demand a letter from the VA in order to maintain Plaintiff's eligibility.

Opinion at 10 (citing 38 U.S.C. § 5312).

The Court finds no change in circumstances or mistake of fact that causes the prior holding now to fail. Defendants essentially argue that the case is moot because they believe that

5

Plaintiff is ineligible for VAIP benefits, or will become ineligible sometime in the near future. However, Defendants have not submitted any evidence that Plaintiff no longer receives VAIP benefits, or that her benefits will be terminated as of a certain date.  Plaintiff, on the other hand, has submitted a certification dated December 11, 2013, by Plaintiff's daughter, who indicates that she is responsible for Plaintiff's financial affairs.  See Certif. of Marylou Yam, ¶ 2.  The certification indicates that prior to Plaintiff being granted Medicaid eligibility, Plaintiff paid $6,136.66 per month for home health care.  Id. ¶ 3.  Now that Plaintiff is eligible for the Global Options benefits, the bill totals $3,713.66 per month after Medicaid remits payment directly to the health care provider for the amount it covers.  Id. ¶ 4.  Plaintiff continues to receive VAIP benefits in the amount of $1,113.00 per month, and currently has a shortfall of over $1,000 per month after applying all of her income to her home healthcare costs.  Id. ¶ 6.  Plaintiff's daughter indicates that she currently covers the shortfall by using her personal funds.  Id.  Thus, the Court finds that because Plaintiff is still collecting VAIP benefits, the "concrete interest" in obtaining injunctive relief that was described in the November 12, 2013 Opinion, still exists at the time of the briefing of the instant motion.

## IV.     CONCLUSION

Because Defendants failed to show that the Court overlooked a clear error of fact or law, their motion for reconsideration will be **DENIED**.


Dated:  2/18/2014                                                         s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge

6